INDIAN HILL NEIGHBORS' ASSOCIATION, INC., Plaintiff-Appellant, v. AMERICAN CABLE SYSTEMS OF ILLINOIS, Defendant-Appellee.

First District (2nd Division)   No. 87—3096

Opinion filed June 7, 1988.

Burditt, Bowles, Radzius & Ruberry, Ltd., of Chicago (Edward F. Ruberry and Mitchell H. Frazen, of counsel), for appellant.

DiLeonardi & Broihier, Ltd., of Chicago (James K. Lennon, of counsel), for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

This action was brought by the plaintiff homeowners' association to enjoin defendant, the cable television franchisee in the Village of Wilmette, from installing cable and accessory equipment in village-owned parkways which adjoin properties owned by the members of the association. Upon motion of the defendant, brought pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch.

110, par. 2—619), the trial court dismissed the action. Plaintiff now seeks review of the trial court's holding that the Illinois Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 11—42—11.1(b)) barred plaintiff from obtaining injunctive relief against defendant, American Cable-systems, Inc. (hereinafter ACI).

Plaintiff, Indian Hill Neighbors' Association, Inc., is a not-for-profit corporation whose members are homeowners in a section of the Village of Wilmette known as "Indian Hill," which is recognized as a distinct residential community with a unique character, including its virtual absence of above-ground utility facilities. The residential properties located in Indian Hill are subject to certain uniform restrictions established by covenants running with the land which prohibit the installation of above-ground electrical wiring and equipment. The sidewalks are located at the street curb, and, as a result, the parkways, or rights-of-way, where certain underground utilities are located, are not physically separated or visibly distinct from the front lawns of the homes. Indian Hill residents have planted trees and shrubs, installed driveways, water sprinkling systems and other fixtures on the rights-of-way adjoining their properties, and they have maintained these rights-of-way as a contiguous and undifferentiated portion of their front lawns apparently since the community was developed.

ACI, a Massachusetts limited partnership engaged in the business of owning and operating cable television systems, was granted the Wilmette cable television franchise pursuant to the terms of the village's Cable Television ordinance, which states in pertinent part:

"Any franchise granted hereunder shall give to the Grantee, subject to the provisions of this Ordinance, the right and privilege at its own expense, to construct, erect, operate, modify and maintain in, upon, along, above, over and under the streets, such towers, antennas, cables, electronic equipment, and other network appurtenances necessary for the operation of a BTN (Broadband Telecommunications Network) in the Village."

Another section of the same ordinance defines a street, among other things, as a right-of-way which has been dedicated to the public and maintained under public authority or by others and located within the village limits. All of the cable to be laid by ACI in the Indian Hill area and all necessary equipment would be located on the rights-of-way owned by the village.

To install cable television facilities in Indian Hill, ACI will excavate for and install 200 flush-to-the-ground vaults (2.5 feet long and 1.5 feet wide) and 18 above-ground "pedestals" containing electric

wiring, together with underground cable to link them. These fixtures would be spread over a six-mile area.

Plaintiff maintains that the trenching and excavation required by the project would damage and destroy root systems of trees and shrubs, underground sprinkler systems, utility lines, drainage tiles and other fixtures. Plaintiff further maintains that the presence of the above-ground pedestals would detract from the unique character of the community and would permanently disrupt or destroy the planned landscapes of the Indian Hill properties.

ACI is required by the ordinance to restore the rights-of-way necessitated by the construction of the cable television system as follows:

> "Grantee shall, at its own expense and in a manner approved by the Village, restore to Village standards and specifications any damage or disturbance caused to the public way as a result of its operations or construction on its behalf. Grantee shall guarantee and maintain such restoration for a period of one year against defective materials or workmanship."

ACI has also agreed to work in conjunction with an independent landscape expert hired by the village to avoid damage to trees and landscaping. Further, ACI has notified residents, asking them for the location of all underground fixtures and other installations, and has plans to work with the utility companies to avoid damage to their facilities.

The trial judge granted ACI's motion to dismiss plaintiff's action on the ground that subsection 11—42—11.1(b) of the Illinois Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 11—42—11.1(b)) bars plaintiff from maintaining the suit. That statute provides:

> "In any instance in which a municipality has granted a franchise to any community antenna television company to construct, operate or maintain a cable television system within a designated franchise area, no property owner, condominium association, managing agent, lessee or other person in possession and control of any improved or unimproved real estate located within such designated franchise area shall forbid or prevent such cable television franchisee from entering upon such real estate for the purpose of and in connection with the construction or installation of such cable television system and cable television facilities, nor shall any such property owner, condominium association, managing agent, lessee or other person in possession or control of such real estate forbid or prevent such cable television franchisee from constructing or installing upon,

beneath or over such real estate, including any buildings or other structures located thereon, hardware, cable, equipment, materials or other cable television facilities utilized by such cable franchisee in the construction and installation of such cable television system ***." Ill. Rev. Stat. 1985, ch. 24, par. 11—42—11.1(b).

Plaintiff argues that the trial court incorrectly applied this provision of the Code to the issues herein because the association is not the owner of the property in question. Indeed, the parties are in agreement that the plaintiff association neither owns nor possesses nor controls any property in the Indian Hill area. Consequently, after we winnow through all of the issues remaining in this case, the fundamental one, underlying all others, relates to the standing of plaintiff to bring this suit.

■ The complaint filed in this case alleges that the plaintiff association was organized for the purposes of promoting the general welfare of the property owners of Indian Hill, and preserving and protecting the natural surroundings of the Indian Hill area; accordingly, it claims an interest in "the character of the neighborhood." Illinois courts have consistently held that a party seeking relief must establish that he has a direct, personal claim related to his own property or that he will suffer injury in his individual capacity to a substantive, legally protected interest. *Spring Mill Townhomes Association v. Osla Financial Services, Inc.* (1983), 124 Ill. App. 3d 774, 465 N.E.2d 490 (no standing where association has never been a townhome unit owner, does not hold title to townhome roofs, or have authority to maintain roofs for damages beyond ordinary wear); *Forsberg v. City of Chicago* (1986), 151 Ill. App. 3d 354, 502 N.E.2d 283 (no standing where association did not own moorings or pay mooring fees because no direct injury shown); *Austin View Civic Association v. City of Palos Heights* (1980), 85 Ill. App. 3d 89, 405 N.E.2d 1256 (no standing since corporate plaintiff was unable to show injury in its individual capacity and could not bring suit solely on the basis of alleged injury to its members).

■ The statute with which we are concerned here discloses that the persons indicated therein and condominium associations clearly have no standing to interfere with the work of any franchisee in the designated area. Accordingly, we fail to perceive that the omission of everyone else from the provisions of the law confers standing for any purpose upon a complete stranger to any property right in the affected territory, for plainly, if property owners do not have the requisite standing under the statute to challenge the operations of ACI, *a*

*fortiori,* neither does the plaintiff in the context of this action. Nor are we aware that the frontiers of the maxim of statutory interpretation of *expressio unius est exclusio alterius* have been extended as far as the plaintiff here would take them.

Plaintiff presents us with no persuasive argument in this case which convinces us that the age-old legal principle of standing should be watered down in any way. Nor does it contest the validity of the Illinois statute granting municipalities the right to grant franchises to cable television systems, the Wilmette Cable ordinance, or the grant of the franchise to ACI. Plaintiff claims only that any installation by ACI of cable television equipment in the village-owned rights-of-way would result in damage to certain landscaping and other property located therein and also to the root systems of trees located on the adjacent property belonging to plaintiff's members. However, the fact that members of the plaintiff association have chosen to place certain of their property in, on, or near the village's property does not give plaintiff the right to impede the village in the lawful use of its own property. Plaintiff thus fails to establish any basis at all for the court's granting of injunctive relief, since it lacks the requisite "certain and clearly ascertainable" right to prevent the village from using its own property for a suitable public purpose.

Accordingly, for the reasons expressed, we affirm the judgment of the circuit court of Cook County.

Affirmed.

HARTMAN, P.J., and BILANDIC, J., concur.