INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 841 HEALTH AND WELFARE FUND, Plaintiff and Third–Party Defendant-Appellant, v. GREGORY S. HICKMAN *et al.*, Defendants (Kay Myers, as Mother and Next Friend of Vicki Myers, Third–Party Plaintiff-Appellee; Gregory S. Hickman, Third-Party Defendant).

Fifth District No. 5—88—0296

Opinion filed October 27, 1989.

---

*Justice Lewis replaces Justice Welch, who recused himself after the cause was taken under advisement.

Thomas F. Crosby, of Winters, Brewster, Murphy, Crosby & Patchett, of Marion, for appellant.

R. Courtney Hughes, of John Paul Womick & Associates, Chartered, of Carbondale, for appellee.

PRESIDING JUSTICE WELCH delivered the opinion of the court:

This appeal is from the judgment entered November 4, 1987, in the circuit court of Jackson County granting summary judgment in favor of intervening third-party plaintiff Vicki Myers, a minor by her mother

and next friend Kay Myers, and against third-party defendant International Union of Operating Engineers Local 841 Health and Welfare Fund (hereinafter IUOE).

On April 18, 1985, an automobile accident resulted in injury to Vicki Myers, who was a passenger in a vehicle owned by her father, Paul Myers, and then being driven by her brother, Michael Myers. The vehicle with which they collided, and the only other vehicle involved in the accident, was driven by Gregory Hickman. The medical treatment obtained by Vicki Myers was covered under a group insurance policy issued to IUOE by United of Omaha, a Mutual of Omaha Company. The policy provided hospital benefits and major medical benefits, along with other benefits not pertinent to this case. These benefits were provided for IUOE employees, one of whom was Paul Myers, and their dependents, one of whom was Vicki Myers.

On November 3, 1986, pursuant to section 2—403 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—403), and the subrogation rights provided in the group insurance plan, IUOE filed suit against Michael Myers and Gregory Hickman, the drivers of the two vehicles involved in the accident which resulted in Vicki Myers' injury, seeking to recover monies expended for Vicki Myers' medical treatment. The subrogation provision contained in the group insurance policy reads as follows:

"SUBROGATION

Definitions

'Subrogation' means the Company's right to recover any policy payments:

(a) made because of an injury to the protected person or a dependent caused by a third party's wrongful act or negligence; and

(b) which the protected person or a dependent later recovers from the third party or the third party's insurer.

'Third Party' means another person or organization.

Subrogation Rights

If a protected person or a dependent is injured because of a third party's wrongful act or negligence:

(1) the Company will pay policy benefits for that injury, subject to the conditions that the protected person and a dependent:

(a) agree to the Company's being subrogated to any recovery or right of recovery the protected person or dependent has against that third party;

(b) will not take any action which would prejudice the Com-

pany's subrogation rights; and

(c) will cooperate in doing what is reasonably necessary to assist the Company in any recovery.

(2) the Company will be subrogated only to the extent of policy benefits paid because of that injury."

On February 9, 1987, Vicki Myers, by her mother and next friend Kay Myers, filed a petition for leave to intervene in the action between IUOE and the two drivers. After a motion for change of venue filed by IUOE was granted on February 11, 1987, IUOE and Hickman filed objections to the petition for intervention. Notwithstanding these objections, the right to intervene was granted on April 10, 1987, and Vicki Myers' third-party complaint was filed, naming IUOE and Gregory Hickman as defendants. In this third-party complaint, declaratory judgment was sought against IUOE, and damages resulting from alleged negligence were sought against Hickman.

In her declaratory judgment action against IUOE, third-party plaintiff Vicki Myers, by her mother Kay Myers, requested that the court declare that IUOE has no right to recover against defendant Hickman for the injuries suffered by Vicki Myers. Additionally, referring to the language contained in the group insurance policy, she requested that the court declare that IUOE not be allowed to subrogate itself to the rights of Vicki Myers without first obtaining her consent. Against third-party defendant Hickman, Vicki Myers alleged that she is entitled to recover against this defendant for his negligent acts or omissions which resulted in the underlying vehicular accident and consequent injuries. As a result of the alleged negligent acts or omissions of third-party defendant Hickman, Ms. Myers alleged that she sustained one or more of a variety of injuries, including nervous shock, disability, disfigurement and pain and suffering. Additionally, she sought to recover for past and future medical expenses.

On July 2, 1987, Vicki Myers, by her mother Kay Myers, filed a motion for summary judgment on count one of her third-party complaint. In this motion, it was alleged that, based on the language contained in the subrogation provision of the group insurance policy enumerated above, IUOE lacked standing to bring an action against defendant Hickman. Additionally, the motion alleged that case law supported her proposition that IUOE lacked standing to sue Hickman under the given circumstances. On November 4, 1987, the trial court found that IUOE did in fact lack standing to bring suit against defendant Hickman without the consent of Vicki Myers, and prior to any recovery by Vicki Myers from defendant Hickman. Having so found, summary judgment was entered in favor of Vicki Myers, by her

mother Kay Myers, and against third-party defendant IUOE.

The trial court's finding was based on a strict interpretation of the subrogation provision cited above, to the effect that IUOE could not exercise its subrogation rights until after a protected person or a dependent recovers from a third party or a third party's insurer; and that IUOE could not exercise its subrogation rights without first obtaining the agreement of the protected person or dependent. IUOE's motion to vacate this summary judgment was denied on May 13, 1988, and this appeal followed.

■ IUOE contends that Vicki Myers, in her position as a minor, lacked standing to bring a declaratory judgment action against IUOE. As the supreme court stated in *Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 362 N.E.2d 298, there are two main, general requirements for standing to bring an action for declaratory relief: first, there must be an actual controversy, and second, the party seeking the declaration must be interested in the controversy. (*Underground Contractors*, 66 Ill. 2d at 375-76, 362 N.E.2d at 300-01.) The court went on to explain that to substantiate an actual controversy, the case must "present a concrete dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof." (66 Ill. 2d at 375, 362 N.E.2d at 300.) Further, the court stated that to be interested, a party must possess more than merely a curiosity about or concern for the outcome of the controversy. To be entitled to declaratory relief, a party must possess a personal claim, status, or right which is capable of being affected. 66 Ill. 2d at 376, 362 N.E.2d at 301.

■ In the instant case, Vicki Myers does possess a personal claim which is capable of being affected by IUOE's action against defendant Hickman, and therefore is a proper party to seek declaratory judgment against IUOE. This court is aware, and does not dispute, that in Illinois the parents of a minor child are responsible for the child's medical expenses. (Ill. Rev. Stat. 1987, ch. 40, par. 1015; *Kennedy v. Kiss* (1980), 89 Ill. App. 3d 890, 894, 412 N.E.2d 624, 628.) A minor child is neither the beneficiary of payments under an insurance contract, nor a third-party beneficiary as to such payments. (*Estate of Woodring v. Liberty Mutual Fire Insurance Co.* (1979), 71 Ill. App. 3d 158, 160, 389 N.E.2d 211, 212.) Therefore, Vicki Myers has no legal interest in the payment of insurance proceeds for her medical treatment. However, it does not follow that she is not entitled to other remedies not including the cost of medical treatment.

■ In bringing her claim against defendant Hickman for personal

injuries and pain and suffering, Vicki Myers is entitled to bring this action free from any possibility that IUOE's participation in the action might prejudice or otherwise affect her interests. She is granted this right by virtue of the language contained in the definition of subrogation in the group insurance policy cited previously. An insurance policy in which no ambiguity appears is to be read according to the plain and ordinary meaning of its terms. (*Weiss v. Bituminous Casualty Corp.* (1974), 59 Ill. 2d 165, 319 N.E.2d 491.) By the definition of subrogation contained in the policy issued to its employees, IUOE is not entitled to subrogate itself to the rights of Vicki Myers or her parents unless one of these parties "recovers from the third party or the third party's insurer." Thus, even though the remedies sought by IUOE and Vicki Myers may be mutually exclusive, the terms of the policy restrict IUOE's right to bring a cause of action to recover medical expenses paid until after Vicki Myers or her parents have recovered the same. Since none of these parties have so recovered, IUOE was properly denied its premature attempt to bring its subrogation action.

■■ ■ Referring once again to the group insurance policy provisions enunciated previously in this disposition, even were this court to construe the policy as containing an ambiguity—arguably created by the "later recovers" language of subparagraph (b) of the subrogation definitions provision, and the "right of recovery" language in subparagraph (1)(a) of the subrogation rights provision—the outcome would remain unaffected. Ambiguities contained in the language of an insurance policy are to be resolved in favor of the insured, and not the insurance company responsible for the drafting of the policy. (*Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 370 N.E.2d 1044.) Such a resolution does not unfairly prejudice IUOE's subrogation rights by forcing them to withhold any subrogation action until after the protected person or a dependent recovers because, in Illinois, the general release of a tortfeasor does not bar a subrogation action against the tortfeasor by the victim's insurer where the tortfeasor or his insurer had knowledge of the insurer-subrogee's interest prior to the release. *Home Insurance Co. v. Hertz Corp.* (1978), 71 Ill. 2d 210, 375 N.E.2d 115.

For the foregoing reasons, the judgment of the circuit court of Jackson County granting Vicki Myers' motion for summary judgment is hereby affirmed.

Affirmed.

HARRISON and CHAPMAN, JJ., concur.