ROCKFORD TITLE COMPANY *et al.*, Plaintiffs-Appellees, v. KENNETH W. STAAF, as Winnebago County Recorder, Defendant-Appellant.

Second District    No. 2—95—0080

Opinion filed August 31, 1995.

Paul A. Logli, State's Attorney, of Rockford (Charles J. Prorok and Gary L. Kovanda, Assistant State's Attorneys, of counsel), for appellant.

Stephen E. Balogh and Elmer C. Rudy, both of Williams & McCarthy, P.C., of Rockford, for appellees.

Donald Q. Manning, of McGreevy, Johnson & Williams, P.C., of Rockford, for *amicus curiae*.

JUSTICE GEIGER delivered the opinion of the court:

Defendant, Kenneth Staaf, the Winnebago County recorder, appeals the judgment of the circuit court declaring that he has been guilty of malfeasance in office and "shall be liable to any party injured *** for all damages occasioned thereby." Defendant contends that in so holding the court misconstrued the relevant statute.

Plaintiffs, Rockford Title Company; Title Underwriters Agency, Incorporated, of Rockford; Chicago Title Agency of Rockford, Incorporated; and Winnebago County Title Company, are title insurers doing business in Winnebago County. Plaintiffs filed a two-count

complaint against defendant and the County of Winnebago seeking *mandamus* and declaratory relief. Plaintiffs subsequently added count III, seeking additional declaratory relief, and dismissed the county as a defendant.

Counts I and III were resolved by agreed orders and are not involved in this appeal. In the order resolving count I, the parties stipulated that defendant had engaged in the following practices:

"(a). Has refused to accept for recordation, and/or has returned without recording, instruments tendered for recordation because of purported 'errors' in such instruments apart from those instruments which he is precluded from accepting for recordation ***.

(b). Has not, upon receipt of instruments tendered for filing and recordation, immediately entered into the entry book the names of the parties, the date and time the instrument was received and a brief description of the premises.

(c). Has not endorsed upon instruments tendered for filing and recordation a number which corresponds to a number in the entry book.

(d). Has installed a computerized system which has the capability to permit the automated entry and indexing, alphabetically by document, of all instruments filed in his office and discontinued the use of the manual system without utilizing both the computerized and manual systems for a period of at least six (6) months.

(e). Has not made available for inspection and copying documents which had been presented and accepted for recording, but which had not yet been recorded."

Plaintiffs later moved for summary judgment on count II. The court granted the motion and entered an order referencing the previous *mandamus* order and setting forth additional duties which defendant violated. The order provides:

"Because of the violations of his statutory duties as set forth above, the Defendant Kenneth W. Staaf is guilty of malfeasance in office, and the Defendant Kenneth W. Staaf shall be liable to any party injured by such violation of his statutory duties for all damages occasioned thereby, if any."

It is from the entry of this order that defendant appeals.

Defendant contends that the court erred by finding that his actions constituted malfeasance in office and render him potentially liable to any party injured. Defendant's argument has three main parts. He does not dispute that the actions described in the agreed *mandamus* order violated his statutory duties as set forth in various provisions of the Counties Code (55 ILCS 5/1—1001 *et seq.* (West 1992)). He maintains, however, that these activities did not constitute malfeasance in office in the absence of "evil intent." He further

contends that, since the statute explicitly refers to injured parties, the court erred in finding malfeasance in the absence of evidence that anyone has been injured by defendant's actions. Finally, defendant appears to argue that, since no one has yet been injured, the case is not yet ripe for decision and the court's order purporting to establish some hypothetical future liability is of no practical effect and should be reversed.

We granted leave for *amicus curiae*, the Illinois Land Title Association, to file a brief in support of plaintiffs' position. Plaintiffs and the *amicus* respond that the plain language of the Counties Code provides that the failure of a recorder to perform any duty imposed by statute constitutes malfeasance in office and subjects him to liability for any damages caused thereby. Furthermore, they contend that the declaratory judgment statute (735 ILCS 5/2—701 (West 1992)) authorizes the court to grant a declaration of rights before a tangible injury occurs.

■ Section 3—5031 of the Counties Code provides as follows:

"If any recorder shall fail to perform any duty imposed upon him by this Division, he shall be guilty of malfeasance in office, and shall be punished accordingly, and shall be liable to the party injured for all damages occasioned thereby." 55 ILCS 5/3—5031 (West 1992).

■ Defendant contends that a finding of malfeasance in office requires evidence of some affirmative wrongdoing or "evil intent" and that such evidence is absent here. This argument ignores the fact that section 3—5031 contains its own definition of malfeasance. Thus, defendant's arguments about the common-law definition of malfeasance are misplaced. The cases defendant cites were decided under different statutes which did not contain this definition.

■ Defendant argues, however, that the statutory definition must be read to include the final clause: "and shall be liable to the party injured for all damages occasioned thereby." He contends that since this clause is connected by the word "and" to the remainder of the paragraph, it must be included in the definition of malfeasance. Therefore, he concludes, in the absence of any injury, he cannot be guilty of malfeasance.

Such a construction is strained, at best. In construing a statute, a court must ascertain and give effect to the intention of the legislature in enacting the statute. (*Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund* (1993), 155 Ill. 2d 103, 110.) A statute should be given a construction which is reasonable and which will not produce absurd, unreasonable, or inconvenient consequences which the legislature could not have intended. *Collins*, 155 Ill. 2d at 110.

It is clear that section 3—5031, although expressed in a single sentence, has two distinct purposes: to define "malfeasance in office" and to prescribe the attendant consequences. Thus, the statute provides that one who is guilty of malfeasance in office "shall be punished accordingly" and "shall be liable to the party injured for all damages occasioned thereby." (55 ILCS 5/3—5031 (West 1992).) To read the statute as defendant suggests would require that the phrase "and shall be punished accordingly" also be included in the definition of "malfeasance in office." This would lead to the absurd result that an officeholder could not be guilty of malfeasance until he had already been punished for it. We are confident the legislature did not intend such an absurd result.

■ Defendant further contends that, in the absence of any injury alleged to have resulted from defendant's conduct, this case is not ripe for decision and the circuit court erred by rendering, in essence, an advisory opinion upon an abstract question of law. In short, defendant contends that there is no "actual controversy" as required by the declaratory judgment statute. 735 ILCS 5/2—701 (West 1992).

The requirement of an actual controversy does not mean that a wrong must be committed and injury inflicted; it requires only a showing that the issues are not moot or premature. (*Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 375; *Harris Bank v. Village of Mettawa* (1993), 243 Ill. App. 3d 103, 110.) The declaratory judgment remedy is designed to fix the parties' rights before there has been an irrevocable change of position. The actual controversy requirement is not intended to prevent the resolution of concrete disputes admitting of a definitive and immediate determination of the rights of the parties. *Illinois Gamefowl Breeders Association v. Block* (1979), 75 Ill. 2d 443, 452; *Harris Bank*, 243 Ill. App. 3d at 110-11.

The declaratory judgment remedy was properly invoked in this case. The court did not decide a moot or abstract question. Defendant's conduct has already occurred and clearly fits within the statutory definition. The fact that no one has yet suffered an injury as a result of defendant's actions does not defeat the application of the declaratory judgment statute.

As the *amicus* points out, the court's order does not purport to resolve any damage issues. The order determines only that defendant's actions constituted malfeasance in office and that a plaintiff who can establish damages proximately caused by defendant's actions will be permitted to recover. Thus, the court's order is not invalid on this basis. Defendant does not contend that plaintiffs lack standing to pursue this claim.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

BOWMAN and THOMAS, JJ., concur.