Richard BENAVIDES, on behalf of himself and all others similarly situated, Appellants,

v.

STATE of Alaska and Alaska Legislative Council, Appellees.

No. S–11983.

Supreme Court of Alaska.

Nov. 17, 2006.

Rex Lamont Butler and David E. George, Rex Lamont Butler & Associates, Inc., Anchorage, for Appellants.

David T. Jones, Assistant Attorney General, Anchorage, and David W. Márquez, Attorney General, Juneau, for Appellees.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

*OPINION*

CARPENETI, Justice.

## I. INTRODUCTION

Richard Benavides is an Anchorage resident who is required to spend the legislative session in Juneau as a condition of his employment. Benavides receives a salary but does not receive a per diem allowance for the time spent in Juneau. Benavides brought this class action alleging that the Alaska Legislative Council's failure to grant such an allowance violates AS 24.10.130. The superior court rejected Benavides's claims. Because we conclude that the current per diem policy complies with the statute, we affirm the judgment of the superior court.

## II. FACTS AND PROCEEDINGS

### A. Facts

Richard Benavides has worked as a legislative aide to Senator Bettye Davis since January 2001. Benavides lives in Anchorage but is required as a condition of employment to spend the legislative session in Juneau. Alaska Statute 24.10.130 provides, in relevant part:

> (b) Legislators and officers and employees of the legislative branch of government are entitled to a per diem allowance.
>
> (c) The Alaska Legislative Council shall adopt a policy regarding reimbursement for moving expenses applicable to all legislators and an applicable per diem allowance policy. The policy must set conditions for the reimbursement for moving expenses and payment of per diem and prescribe the amounts of reimbursement adapted to the special needs of the legislative branch as determined by the council.

Pursuant to this statutory mandate, the Alaska Legislative Council has established a policy delineating per diem allowances and

reimbursement levels and procedures for legislators and staff.[1] Under this policy, legislators receive "session per diem" payments for time spent in Juneau during the legislative session. Legislators also receive per diem payments for time spent returning to their districts during the session and for other business travel. However, legislative employees receive no session per diem and are entitled to reimbursement only for travel on legislative business.

## B. Proceedings

In October 2002 Benavides filed a class action complaint on behalf of himself and similarly situated legislative employees against the state and the Legislative Council. The complaint alleged breach of statutory duty to pay session per diem and allowances to legislative staff, breach of contract, and violation of the Administrative Procedures Act (APA). The complaint sought a declaratory judgment and class damages. In April 2003 the state and council moved to dismiss under Alaska Civil Rule 12(b)(6) for failure to state a claim. In October 2003 Superior Court Judge Morgan Christen granted defendants' motion to dismiss as to the claim for violation of the APA, and stayed the remaining claims pending Benavides's pursuit of administrative remedies.

While his action in state court was pending, Benavides filed an administrative claim with the Department of Law in May 2003. The claim was initially denied and Benavides appealed to the Department of Administra-

tion. In May 2004 the Department of Administration found in favor of the state and the council. The hearing officer acknowledged that the statute provided for per diem allowance, but stated that "the fact the Council's policy does not provide per diem allowances to legislative employees that are identical to those legislators receive is not a violation of the plain language of AS [24.10.130(b)]; rather it is an instance of the Council's exercise of the authority granted at AS [24.10.130(c)]."

Benavides appealed to the superior court. Judge Christen affirmed the department's decision in May 2005, holding the policy to be within the statute. In July 2005 the court lifted the stay in the parallel proceeding and granted summary judgment to the state and council on Benavides's remaining claims.[2] Benavides appeals the superior court's affirmance of the department's decision and the superior court's dismissal of his other claims. We consolidated the appeals by our order of September 1, 2005.

## III. STANDARD OF REVIEW

 When the superior court acts as an intermediate appellate court, we undertake an independent review of the agency determination, and we may affirm the decision below on any ground supported by the record.[3] We apply our independent judgment to questions of statutory interpretation if a decision does not involve an agency's special

---

1. The relevant parts of the policy state:

 *Session Per Diem*
 Legislators, except those whose place of permanent residence is within 50 miles of the Capitol, are entitled to a daily per diem at the federal rate during a legislative session. Legislators who permanently reside within 50 miles of the Capitol receive 75% of the federal per diem rate for each day of a legislative session. Legislators are reimbursed for travel, per diem, or actual expenses ... in accordance with guidelines established by the presiding officers or authorizers of the travel....
 *Travel Per Diem or Reimbursement*
 ....
 A Legislator or Legislative employee on legislative business is entitled to receive travel per diem or meal allowances and reimbursement for other actual expenses in accordance with

 guidelines established by the presiding officers or the authorizer of the travel.
 ....
 Employees based in Juneau during a regular session do not receive per diem during the session. An employee based in a location other than Juneau during the session may receive reimbursement for travel per diem and expenses in Juneau if approved by the Presiding Officer. Special session per diem in Juneau may be authorized if approved by the Presiding Officer.

2. The superior court alternatively dismissed Benavides's claims under Civil Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

3. *Conkey v. State, Dep't of Admin., Div. of Motor Vehicles,* 113 P.3d 1235, 1237 (Alaska 2005).

expertise,[4] adopting "the rule of law that is most persuasive in light of precedent, reason, and policy."[5] If a statute is ambiguous "we apply a sliding scale of interpretation, where 'the plainer the language, the more convincing contrary legislative history must be.' "[6] We review agency findings of law requiring agency expertise under the reasonable basis standard.[7] In reviewing grants of summary judgment, we draw all factual inferences in favor of the party against whom summary judgment was granted.

## IV. DISCUSSION

### A. The Department of Administration Correctly Concluded that AS 24.10.130 Does Not Entitle Legislative Employees to Session Per Diem.

#### 1. The text of the statute supports the council policy.

The parties offer competing interpretations of AS 24.10.130. The statute provides:

(a) A member of the legislature is entitled to reimbursement for the expenses of moving between the member's place of residence and the capital city for the purpose of attending a regular session of the legislature.

(b) Legislators and officers and employees of the legislative branch of government are entitled to a per diem allowance.

(c) The Alaska Legislative Council shall adopt a policy regarding reimbursement for moving expenses applicable to all legislators and an applicable per diem allowance policy. The policy must set conditions for the reimbursement for moving expenses and payment of per diem and

prescribe the amounts of reimbursement adapted to the special needs of the legislative branch as determined by the council.

The council's policy provides legislators with a per diem allowance during the legislative session but does not provide this allowance to legislative employees. Legislative employees only receive per diem if traveling on state business other than to the legislative session.

Benavides argues that, because the statute mentions legislators, officers, and employees in the same breath, each of these classes of people should be entitled to the same per diem allowance. Therefore, he argues, if the Legislative Council's policy grants per diem payments to legislators during their time in Juneau, the statute requires that the same payments be made to legislative staff. The state argues that the policy that the council adopted satisfies the statutory mandate because the statute only requires that legislative employees be provided with a per diem allowance, not that they be provided with the same allowance that is provided to legislators. Benavides concedes that the state's reading has a "thin veneer of plausibility."

Our inquiry into whether the council's policy satisfies AS 24.10.130 begins with the text of the statute. We interpret Alaska law "according to reason, practicality, and common sense, taking into account the plain meaning and purpose of the law as well as the intent of the drafters."[8] When we interpret a statute's language, "unless words have acquired a peculiar meaning, by virtue of statutory definition or judicial construction, they are to be construed in accordance with their common usage."[9] Black's Law Dictio-

4. *State, Dep't of Revenue v. Municipality of Anchorage*, 104 P.3d 120, 122 (Alaska 2004).

5. *Id.*

6. *Tesoro Petroleum Corp. v. State*, 42 P.3d 531, 537 (Alaska 2002) (citations omitted).

7. *Leuthe v. State, Commercial Fisheries Entry Comm'n*, 20 P.3d 547, 550 (Alaska 2001). We agree with the state that the reasonable basis standard—which gives the council's policy some deference—is appropriate because the adoption of the policy is an exercise of the council's dele-

gated statutory authority and because the council, made up of legislators, therefore possesses "special expertise" in gauging the "special needs of the legislative branch." (We give no such deference to the Department of Administration's ruling, and none has been urged by the parties.) We apply the independent judgment standard to the Department of Administration's ruling.

8. *Native Village of Elim v. State*, 990 P.2d 1, 5 (Alaska 1999).

9. *Gov't Employees Ins. Co. v. Graham–Gonzalez*, 107 P.3d 279, 284 (Alaska 2005).

nary has defined "per diem" as "an allowance or amount of so much per day." [10]

Benavides's interpretation of the language of the statute seems strained at best. He argues that the use of the language "a per diem allowance" in AS 24.10.130(b), and the language "an applicable per diem allowance policy" in AS 24.10.130(c), should be read to require that a unitary system must apply to legislators and staff, and thus that session per diem should be granted to staff if it is granted to legislators. But subsection (a) of the statute provides that legislators—but not staff—will be entitled to relocation expense reimbursement; [11] thus the statute clearly contemplates different reimbursement arrangements for legislators and their staff.

The statute is vague in that it requires only "a per diem allowance;" it does not require that both legislators and staff receive "session" per diem. Defining the level of compensation is statutorily delegated to the council. The council has decided that although legislators may receive an allowance during the session, reimbursement for travel back to their districts during the session, and reimbursement for other business travel, legislative staff may only receive an allowance for the latter category. Although legislative staff do not receive the full allowance accorded legislators, it does not follow that they have been denied "a per diem allowance" that is required by the statute.

The state recites a litany of past practices consistent with the current council policy. Most importantly, it notes that session per diem for legislators has a constitutional ba-

sis [12] and that "the Legislature has viewed legislators' receipt of session per diem as a trade-off for an annual salary on the low end of the salary schedule." This dovetails with our conclusion in *Laborers and Hod Carriers Union, Local 341 v. Groothuis*[13] that per diem and salary are merely two sides of the same coin of total compensation.[14] The council and legislature have decided that the compensation mix will be tilted toward per diem in the case of legislators but mostly made up of salary in the case of legislative employees.

Benavides takes issue with the fairness of the Legislative Council policy, declaring that legislators have made "nothing more than a gratuitous payment to themselves" that is "arbitrary and unreasonable." The fairness or wisdom of the policy, however, is not for a court to determine; we consider only compliance with the statute. As the superior court noted, we have held that "[i]t is not a court's role to decide whether a particular statute or ordinance is a wise one; the choice between competing notions of public policy is to be made by elected representatives of the people." [15] This holds especially true where the policy in question is a creature of the legislature's internal affairs.

### 2. Legislative history does not conflict with the council policy.

Since the plain language of AS 24.10.130 encompasses the interpretation that the council has given it, we generally will not adopt an alternative interpretation unless presented with clear legislative history to the contrary.[16] Benavides argues that a compar-

---

**10.** BLACK'S LAW DICTIONARY 1136 (6th ed.1990). Appropriately enough, the entry continues: "For example, state legislators are often given a per diem allowance to cover expenses while attending legislature sessions."

**11.** AS 24.10.130(a) provides, "A member of the legislature is entitled to reimbursement for the expenses of moving between the member's place of residence and the capital city for the purpose of attending a regular session of the legislature."

**12.** *See* ALASKA CONST. art. II, § 7 (legislators "may receive a per diem allowance for expenses while in session and are entitled to travel expenses going to and from sessions").

**13.** 494 P.2d 808 (Alaska 1972).

**14.** *Id.* at 810 (stating that "the definition of the words *per diem* and *wages* are sufficiently similar that to make the existence of an employment relationship turn on this point would be unrealistic").

**15.** *Concerned Citizens of S. Kenai Peninsula v. Kenai Peninsula Borough*, 527 P.2d 447, 452 (Alaska 1974).

**16.** *See, e.g., State, Dep't of Natural Res. v. City of Haines*, 627 P.2d 1047, 1049 (Alaska 1981) ("[T]he party seeking to dissuade us from giving the statute its apparent meaning" must "demonstrate that the legislative history reveals some hidden ambiguity in the legislature's usage of terms, and resolves that ambiguity in that party's favor.").

ison of AS 24.10.130 with former AS 24.10.105—the legislature's previous statute covering per diem—demonstrates the legislature's intention to provide equal per diem compensation to legislators and staff because the amended statute, unlike its predecessor, specifically refers to staff per diem allowances.[17] By including legislative employees in the new statute, the argument goes, the legislature must have intended to provide employees a greater per diem allowance. But the former statute is quite similar to the current council policy, in that the former statute specified the circumstances under which certain per diem rates would be used. As the state argues, this similarity is evidence of delegation. Abandoning the previous informal framework, the legislature wanted rates to be set administratively, so it "transferr[ed] authority for determining per diem rates and policies for the entire legislative branch from the Department of Administration to the Legislative Council."

The legislative history of the amendment is both complicated and vague, and certainly is not clear enough to rebut the conclusion that the plain language allows the council's interpretation. The language was the fifty-second section of a ninety-two section omnibus bill.[18] As the state notes, some legislative history indicates that the legislative council was dissatisfied with the way the Department of Administration was handling per diem rates, thus indicating a motivation to transfer the authority to set those rates.[19] The most compelling committee statement on the section was that of Representative Kay Brown, who stated "no one here is sure why this section is in the bill or what it's supposed to be doing."[20] Under our standards of statutory interpretation, we are unable to conclude that the plain text of the statute should be overcome by this legislative history. The plain text of the statute, taken together with legislative history and past practice, clearly demonstrates that a reasonable basis exists for the council's interpretation of the statute.

17. Former AS 24.10.105 provides, in relevant part:

(a) Each member of the legislature is entitled to receive per diem at the same rate allowed for a state employee under AS 39.20.110 and 39.20.160, including variations in the rate where applicable.

(b) A legislator is entitled to receive per diem at the short-term rate

(1) during a legislative session if he does not live in his place of permanent residence during the session; and

(2) while he is on committee business for an interim committee of the legislature in a place which is not his place of permanent residence.

(c) A legislator is entitled to receive per diem at the long-term rate

(1) during a legislative session if he lives in his place of permanent residence during the session; and

(2) while he is engaged in committee business for an interim committee of the legislature at his place of permanent residence.

18. Ch. 63, § 52, SLA 1993. The title of the bill was:

An Act relating to licenses, certificates, permits, and programs administered and fees charged by the Alcoholic Beverage Control Board, the office of public advocacy, the Alaska Commission on Postsecondary Education, the Department of Fish and Game, the Department of Labor, the Alaska Police Standards Council, the Department of Natural Resources,

and the Department of Environmental Conservation; *relating to moving expenses for legislators;* relating to motor vehicle registration and insurance and the definition of 'vehicle'; relating to the administration of the state insurance catastrophe reserve account; requiring proration of certain state payments; relating to fiscal reporting and accounting by the Department of Administration; relating to the provision of group life or group health insurance for state employees; authorizing the Department of Natural Resources to accept certain donations for parks and recreation; extending the suspension of certain tax credit provisions; relating to coverage of persons under Medicaid and revising the order of priority for coverage of optional medical services under Medicaid; providing for extensions of certain state leases; changing the number of days required for issuance of a denial of an intrastate application by the Alaska Public Utilities Commission from 90 to 180 days; and amending Alaska Rule of Probate Procedure 16(d); and providing for an effective date.

*Id.* (emphasis added).

19. As Representative Mulder, the sponsor of the amendment, noted, "[T]hat's what this amendment would do, is transfer that authority from the Department of Administration to Leg. Council so we can have a . . . consistent per diem rate." Tr. House Floor Sess. 2 (May 10, 1993).

20. Tr. H. Fin. Comm. Meeting 8 (May 9, 1993).

## B. The Superior Court Correctly Dismissed Benavides's Remaining Claims.

Benavides's remaining claims all assert the same basic statutory argument as his administrative claim. Benavides argues that AS 24.10.130 creates a private right of action and that the legislature's failure to pay session per diem to staff is a breach of his employment contract. He further requests a trial *de novo* on damages, asserting a right to receive back per diem dating to the enactment of the current statute in 1994. All of Benavides's additional claims of error are dependent on the success of his claim that he was entitled to session per diem. Because we have concluded that AS 24.10.130 does not entitle legislative employees to session per diem, we need not reach the merits of Benavides's other arguments.

## V. CONCLUSION

The superior court did not err in denying Benavides's administrative claim. The superior court correctly granted summary judgment on Benavides's other claims. Accordingly we AFFIRM the judgment of the superior court.