PER CURIAM.
 

 I. INTRODUCTION
 

 John Doe I and John Doe II are two separate individuals being required by the
 Department of Public Safety (DPS) to register as sex offenders in Alaska based on their out-of-state convictions. DPS argues that Doe I's Washington convictions and Doe II's California conviction are "similar" to the Alaska offense of attempted sexual abuse of a minor under AS 11.31.100 and AS 11.41.436(a)(2), making both Doe I and Doe II subject to Alaska's sex offender registration requirement. One superior court judge determined that Doe I is not required to register; another superior court judge determined that Doe II is required to register. The cases have been consolidated on appeal. We conclude that neither the Washington nor the California laws under which Doe I and Doe II were convicted are similar to the relevant Alaska law and therefore hold that neither Doe I nor Doe II is required to register under Alaska law.
 

 II. FACTS AND PROCEEDINGS
 

 A.
 
 DPS v. Doe I
 
 , S-15821
 

 In June 2011, at the age of 51, John Doe I pleaded guilty to two counts of "communicating with a minor for immoral purposes" in violation of the Revised Code of Washington (RCW) 9.68A.090 ; violation of this statute is a gross misdemeanor. In his guilty plea, Doe I admitted that "between October 1, 2009 and October 31, 2009, on two separate occasions, [he] communicated with [an 11-year-old] ... for an immoral purpose of a sexual nature." The Washington superior court sentenced Doe I to two consecutive twelve-month sentences and suspended the sentences, ordering three months of confinement for each count and four years of probation. The court ordered him to obtain a sexual deviancy evaluation, to have no contact with the victim and "no unsupervised contact with minors," and to register as a sex offender.
 
 [1]
 

 In April 2014 Doe I formally petitioned the Alaska DPS Sex Offender Registry for a determination whether he would be required to register as a sex offender in Alaska. He represented that he had an upcoming work project in Alaska that was unlikely to require more than 30 days in the state but that he also had other work prospects in Alaska as well as family that he would like to visit. He indicated that "[p]rior to spending more time in Alaska, [he] wish[ed] to understand if [his] presence [would] trigger a registration requirement." In June 2014 DPS informed Doe I that, because of his two convictions in Washington, he must "register [as a sex offender] quarterly, for life, while ... work[ing] or liv[ing] in Alaska."
 

 Doe I subsequently filed a complaint in the Alaska Superior Court for declaratory judgment and injunctive relief, asking for a declaration that his conviction under RCW 9.68A.090"is not 'similar' to an Alaska sex offense as defined by AS 12.63.100" and that he was therefore not required to register as a sex offender in Alaska. The superior court heard oral argument and issued an order ruling that Doe I was not required to register. DPS appeals.
 

 B.
 
 Doe II v. DPS
 
 , S-16403
 

 In October 2014 John Doe II was convicted of violating California Penal Code 647.6(a), "[a]nnoying or molesting child under 18." After pleading no contest, he was sentenced to two years of probation; upon successfully completing probation, he would be permitted to "apply to the Court to have [his] conviction set aside pursuant to Section 1203.4 of the Penal Code." He was required to register as a sex offender if he resided in California.
 

 Doe II moved to Alaska prior to sentencing and did not register as a sex offender. In December 2014, upon determining that his California conviction was similar to the Alaska offense of attempted sexual abuse of a minor in AS 11.41.436(a)(2), DPS informed him that he was required to register in Alaska. He argued through a letter from his attorney to DPS that he was not a sex offender as defined in AS 12.63.100(5). DPS treated the letter as an administrative appeal
 and sent him a letter affirming its determination that he must register as a sex offender in Alaska annually for 15 years based on his California conviction.
 

 Doe II appealed to the superior court and the court granted him a limited stay of the DPS decision. The stay required him to register but enjoined DPS from publically disseminating any identifying information about him on the sex offender website. Oral argument was held and a written decision was issued affirming DPS's decision. Doe II appeals.
 

 III. STANDARD OF REVIEW
 

 "Where the superior court acts as an appellate court reviewing a decision by an administrative agency, we independently review the underlying administrative decision."
 
 [2]
 
 DPS argues that its agency decision involves agency expertise and is thus subject to the "reasonable basis" test,
 
 [3]
 
 because DPS "has been responsible for interpreting and administering the Alaska Sex Offender Registration Act ('ASORA') ever since it came into effect in 1994." However, "where the agency's expertise provides little guidance to the court or where the case concerns statutory interpretation or other analysis of legal relationships about which courts have specialized knowledge and expertise," the substitution of judgment standard applies.
 
 [4]
 
 The question whether a law of another jurisdiction is "similar" to a specified Alaska statute is a question of statutory interpretation and is thus "within the scope of the court's special competency"
 
 [5]
 
 and "is a question of law to which we apply our independent judgment."
 
 [6]
 
 "We interpret statutes 'according to reason, practicality, and common sense, considering the meaning of the statute's language, its legislative history, and its purpose.' "
 
 [7]
 
 Questions of statutory interpretation are decided on a sliding scale, which means that "the plainer the language of the statute, the more convincing any contrary legislative history must be."
 
 [8]
 

 IV. DISCUSSION
 

 A. "Similar Law Of Another Jurisdiction"
 

 When interpreting a statute, "we begin with the plain meaning of the statutory text."
 
 [9]
 
 ASORA requires 15 years of registration for individuals convicted of a single non-aggravated sex offense, and lifetime registration for individuals convicted of two or more sex offenses or a single aggravated offense.
 
 [10]
 
 Alaska Statute 12.63.100(6)(C) defines "sex offense" as "a crime, or an attempt, solicitation, or conspiracy to commit a crime, under [one of the listed statutes] or
 
 a similar law of another jurisdiction
 
 ." (Emphasis added.) Because "similar" modifies "law of another jurisdiction," based on the plain language of the statute, it is the
 
 law
 
 that must be similar. We therefore "employ a categorical approach by looking to the statute ... of conviction,
 rather than to the specific facts underlying the crime" to determine whether that statute is similar to one of the pertinent Alaska sex offenses under AS 12.63.100(6)(C).
 
 [11]
 

 Under the categorical approach, we compare the elements of the statute of conviction to the elements of the allegedly similar Alaska statute.
 
 [12]
 
 As in the presumptive sentencing context, if the out-of-state statute is "more restrictive than the Alaska statute" in such a way that "any offender who could be convicted under the [out-of-state] law would be subject to conviction under the elements of the Alaska statute," the elements are "similar."
 
 [13]
 
 However, "[e]ven if there might be conduct that would be penalized by the [out-of-state] statute, but not Alaska's, that does not prevent a conclusion that the elements ... are similar."
 
 [14]
 

 In addition to considering the meaning of the language of a statute, we also consider its legislative history and purpose.
 
 [15]
 
 DPS argues that the legislative history and purpose of ASORA support "an evaluation of the full picture - the elements of the offense as well as the facts of the actually engaged in conduct - so as to be able to make fully informed registration requirement decisions, rather than decisions restricted to only comparing elements."
 

 The legislature made the following legislative findings when enacting ASORA:
 

 (1) sex offenders pose a high risk of reoffending after release from custody;
 

 (2) protecting the public from sex offenders is a primary governmental interest;
 

 (3) the privacy interests of persons convicted of sex offenses are less important than the government's interest in public safety; and
 

 (4) the release of certain information about sex offenders to public agencies and the general public will assist in protecting the public safety.
 
 [
 

 16
 

 ]
 

 Although the approach argued for by DPS might be consistent with these legislative findings, the strict categorical approach also serves a protective purpose and is not contrary to the legislative findings. We disagree with DPS's approach. We conclude that the plain meaning of the statute is not overcome by contrary legislative history.
 

 Having determined that AS 12.63.100(6)(C) requires a comparison of laws, we next turn to the question of the meaning of "similar." ASORA provides no definition of "similar," so we look to the plain meaning of the term.
 

 We find it useful to consider how other states define the standard of comparative resemblance between their home statutes and those of other jurisdictions. Idaho's sex offender registration statute employs a "substantially equivalent" standard for determining whether a person convicted of a crime in another jurisdiction must register in Idaho.
 
 [17]
 
 Under Idaho law, "substantially equivalent" in the sex offender registration context "means any sex offense related crime, regardless
 of whether a felony or misdemeanor, that consists of similar elements defined in Title 18 of the Idaho Criminal Code. It does not mean exactly the same, nor exactly identical to."
 
 [18]
 
 Texas requires that the out-of-state violation must "contain[ ] elements that are substantially similar" for registration to be required under its sex offender registration statutes.
 
 [19]
 
 New Mexico defines "sex offense" by listing specific offenses and indicating that "their equivalents in any other jurisdiction" are included in its definition.
 
 [20]
 
 And Massachusetts requires registration for any "like violation of the laws of another [jurisdiction],"
 
 [21]
 
 which has been defined as meaning "a conviction in another jurisdiction of an offense of which the elements are the same or nearly the same as an offense requiring registration in Massachusetts."
 
 [22]
 
 The operative wording in these states' statutes ("substantially equivalent," "substantially similar," "equivalents," "like violation") suggests a higher degree of resemblance than does Alaska's use of the unqualified term "similar."
 

 We also find it useful to consider dictionary definitions when assessing the plain meaning of a term.
 
 [23]
 
 The American Heritage Dictionary of the English Language defines "similar" as "[h]aving a resemblance in appearance or nature; alike, though not identical."
 
 [24]
 
 Webster's II New College Dictionary defines "similar" as "[r]esembling though not completely identical."
 
 [25]
 
 And Merriam-Webster's online dictionary defines "similar" as "having characteristics in common" or as "alike in substance or essentials."
 
 [26]
 

 Consistent with the dictionary definitions, "a similar law of another jurisdiction" does not mean that the elements of the offense must be identical or even substantially equivalent, but the elements do have to be categorically alike with no significant differences. A relatively broad reading of "similar" is also supported by the legislative history and purpose of ASORA, because a broad reading helps promote the "primary governmental interest" of "protecting the public from sex offenders."
 
 [27]
 
 We construe the plain meaning of "similar" used in AS 12.63.100(6)(C) to require a relatively broad standard for the degree of resemblance necessary for sex offenders from other jurisdictions to be subject to sex offender registration in Alaska.
 

 B.
 
 DPS v. Doe I
 
 , S-15821
 

 Doe I was convicted of two counts of communicating with a minor for immoral purposes in violation of RCW 9.68A.090, which provides that "a person who communicates with a minor for immoral purposes, or a person who communicates with someone the person believes to be a minor for immoral purposes, is guilty of a gross misdemeanor." Under RCW 9.68A.011(5), a "minor" is "any person under eighteen years of age." According to Washington case law, "communicate" means "conduct as well as words,"
 
 [28]
 

 and "immoral purpose" means "sexual misconduct."
 
 [29]
 

 The allegedly similar Alaska offense is attempted sexual abuse of a minor in the second degree under AS 11.31.100 and AS 11.41.436(a)(2). Under AS 11.31.100, "[a] person is guilty of an attempt to commit a crime if, with intent to commit a crime, the person engages in conduct which constitutes a substantial step toward the commission of that crime." Under AS 11.41.436(a)(2), sexual abuse of a minor is committed if, "being 16 years of age or older, the offender engages in sexual contact with a person who is under 13 years of age or aids, induces, causes, or encourages a person under 13 years of age to engage in sexual contact with another person." "[S]exual contact" is defined in AS 11.81.900(b)(59)(A) as "the defendant's (i) knowingly touching, directly or through clothing, the victim's genitals, anus, or female breast; or (ii) knowingly causing the victim to touch, directly or through clothing, the defendant's or victim's genitals, anus, or female breast."
 

 A comparison between RCW 9.68A.090 and the Alaska offense of attempted sexual abuse of a minor in the second degree reveals some similarity in that both involve sexual misconduct that is directed at a child victim. However, there are significant differences between the statutes, such as the fact that the Alaska statute requires conduct whereas the Washington statute may be violated through either conduct or words.
 
 [30]
 
 The Alaska statute specifically requires attempted sexual
 
 contact
 
 , but the Washington statute is broader, "prohibit[ing] communication with children for the predatory purpose of promoting their exposure to and involvement in sexual misconduct."
 
 [31]
 
 And the Alaska statute requires a victim to be under age 13 whereas the Washington statute requires only that a victim be under age 18 or an adult victim whom the offender believes to be under 18.
 
 [32]
 
 Because the Washington statute is significantly broader than and different from the Alaska statute, Washington's statute is not similar to the Alaska offense of attempted sexual abuse of a minor in the second degree for purposes of sex offender registration. Doe I is therefore not required to register as a sex offender in Alaska, and we affirm the superior court's decision.
 

 C.
 
 Doe II v. DPS
 
 , S-16403
 

 Doe II was convicted of violating California Penal Code 647.6(a) ("Annoying or molesting child under 18"), which reads as follows:
 

 (a)(1) Every person who annoys or molests any child under 18 years of age shall be punished by [a fine of up to $5,000 and/or imprisonment for up to a year].
 

 (2) Every person who, motivated by an unnatural or abnormal sexual interest in children, engages in conduct with an adult whom he or she believes to be a child under 18 years of age, which conduct, if directed toward a child under 18 years of age, would be a violation of this section, shall be punished by [a fine of up to $5,000 and/or imprisonment for up to a year].
 

 In
 
 People v. Phillips
 
 , the California Court of Appeal interpreted California Penal Code 647.6(a) as consisting of four elements: (1) "objectively and unhesitatingly irritating or annoying conduct" that is "(2) motivated by an abnormal sexual interest in children in general or a specific child" and is (3) "directed at a child or children, though no specific child or children need be the target of the offense"; furthermore, "(4) a child or children
 [must be] victims."
 
 [33]
 
 Doe II's conviction does not specify whether it was under subsection (a)(1) (which requires a victim under age 18) or subsection (a)(2) (which allows for an adult victim whom the offender believes to be under 18), so any facts found by a court of law or conceded by Doe II could be considered for the limited purpose of determining which subsection he was convicted under, but no such facts are available in this case.
 
 [34]
 

 Again, the allegedly similar Alaska offense is attempted sexual abuse of a minor in the second degree under AS 11.31.100 and AS 11.41.436(a)(2), as described in detail in the previous section. Like RCW 9.68A.090, California Penal Code 647.6(a) broadly resembles the Alaska offense in that it involves sexual misconduct directed at an underage victim. But again, there are significant differences between the statutes as well: while the Alaska offense requires an attempt at actual sexual contact, the California statute has been interpreted to include engaging in offensive conduct with the intent that it be observed by a child or children.
 
 [35]
 
 And the Alaska statute applies where the victim is under age 13 while the California statute applies where the victim is under 18 or the offender believes the victim to be under 18.
 
 [36]
 
 Thus, the California offense of annoying or molesting a child under 18 is different from and substantially broader than the Alaska offense of attempted sexual abuse of a minor in the second degree, and we conclude that the two are not similar for purposes of sex offender registration.
 
 [37]
 
 Doe II is therefore not required to register as a sex offender in Alaska, and the decision of the superior court is reversed. Doe II is remanded to the superior court for that court to address its stay order and order DPS to remove Doe II's information from the Alaska sex offender registry.
 

 V. CONCLUSION
 

 We AFFIRM the superior court's decision that Doe I is not required to register as a sex offender in Alaska and REVERSE and REMAND the superior court's decision that Doe II is required to register as a sex offender in Alaska.
 

 Doe I was required to register as a sex offender in his county of residence in Washington for a period of ten years.
 
 Doe v. State
 
 ,
 
 158 Idaho 778
 
 ,
 
 352 P.3d 500
 
 , 502 (2015). Because RCW 9.68A.090 is a misdemeanor, under Washington law his registration information was to be "used only for law enforcement purposes" and was not available "on the publicly accessible Washington sex offender website."
 

 Id.
 

 Doe I acknowledged during oral argument before our court that
 
 Doe v. State
 
 , decided by the Idaho Supreme Court in June 2015, "is [his] case as well."
 

 State, Dep't of Nat. Res. v. Alaska Riverways, Inc.
 
 ,
 
 232 P.3d 1203
 
 , 1207 (Alaska 2010).
 

 Id.
 

 Grimmett v. Univ. of Alaska
 
 ,
 
 303 P.3d 482
 
 , 487 (Alaska 2013) (quoting
 
 N. Alaska Envtl. Ctr. v. State, Dep't of Nat. Res.
 
 ,
 
 2 P.3d 629
 
 , 633 (Alaska 2000) );
 
 see also
 

 Konecky v. Camco Wireline, Inc.
 
 ,
 
 920 P.2d 277
 
 , 280 n.8 (1996) ("[W]hen the 'issue to be resolved turns on statutory interpretation rather than formulation of fundamental policy involving particularized expertise of administrative personnel, ... we shall independently consider the meaning of the statute.' " (second alteration in original) (quoting
 
 Hood v. State, Workmen's Comp. Bd.
 
 ,
 
 574 P.2d 811
 
 , 813 (Alaska 1978) ) ).
 

 Union Oil Co. of Cal. v. Dep't of Revenue
 
 ,
 
 560 P.2d 21
 
 , 23 (Alaska 1977) (citing
 
 State v. Aleut Corp.
 
 ,
 
 541 P.2d 730
 
 , 736-37 (Alaska 1975) ).
 

 Hendricks-Pearce v. State, Dep't of Corr.
 
 ,
 
 323 P.3d 30
 
 , 35 (Alaska 2014) (citing
 
 Native Vill. of Tununak v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.
 
 ,
 
 303 P.3d 431
 
 , 440 (Alaska 2013) ).
 

 Attorneys Liab. Prot. Soc'y, Inc. v. Ingaldson Fitzgerald, P.C.
 
 ,
 
 370 P.3d 1101
 
 , 1105 (Alaska 2016) (quoting
 
 Municipality of Anchorage v. Stenseth
 
 ,
 
 361 P.3d 898
 
 , 904 (Alaska 2015) ).
 

 City of Valdez v. State
 
 ,
 
 372 P.3d 240
 
 , 248 (Alaska 2016) (quoting
 
 Peninsula Mktg. Ass'n v. State
 
 ,
 
 817 P.2d 917
 
 , 922 (Alaska 1991) ).
 

 Hendricks-Pearce
 
 ,
 
 323 P.3d at
 
 35 (citing
 
 Ward v. State, Dep't of Pub. Safety
 
 ,
 
 288 P.3d 94
 
 , 98 (Alaska 2012) ).
 

 AS 12.63.020(a).
 

 See
 

 Esquivel-Quintana v. Sessions
 
 , --- U.S. ----,
 
 137 S.Ct. 1562
 
 , 1568,
 
 198 L.Ed.2d 22
 
 (2017) (alteration in original) (quoting
 
 Kawashima v. Holder
 
 ,
 
 565 U.S. 478
 
 , 483,
 
 132 S.Ct. 1166
 
 ,
 
 182 L.Ed.2d 1
 
 (2012) ).
 

 See
 

 Borja v. State
 
 ,
 
 886 P.2d 1311
 
 , 1313 (Alaska App. 1994).
 

 State v. Delagarza
 
 ,
 
 8 P.3d 362
 
 , 366 (Alaska App. 2000) (quoting
 
 Martin v. State
 
 ,
 
 704 P.2d 1341
 
 , 1342 (Alaska App. 1985) );
 
 cf.
 

 Esquivel-Quintana
 
 ,
 
 137 S.Ct. at 1568
 
 ("Under [the categorical] approach, we ask whether ' "the state statute defining the crime of conviction" categorically fits within the "generic" federal definition of a corresponding aggravated felony.' In other words, we presume that the state conviction 'rested upon ... the least of th[e] acts' criminalized by the statute, and then we determine whether that conduct would fall within the federal definition of the crime." (second and third alterations in original) (citation omitted) (first quoting
 
 Moncrieffe v. Holder
 
 ,
 
 569 U.S. 184
 
 , 190,
 
 133 S.Ct. 1678
 
 ,
 
 185 L.Ed.2d 727
 
 (2013) ; then quoting
 
 Johnson v. United States
 
 ,
 
 559 U.S. 133
 
 , 137,
 
 130 S.Ct. 1265
 
 ,
 
 176 L.Ed.2d 1
 
 (2010) ) ).
 

 Delagarza
 
 ,
 
 8 P.3d at 367
 
 .
 

 Attorneys Liab. Prot. Soc'y, Inc. v. Ingaldson Fitzgerald, P.C.
 
 ,
 
 370 P.3d 1101
 
 , 1105 (Alaska 2016) (quoting
 
 Municipality of Anchorage v. Stenseth
 
 ,
 
 361 P.3d 898
 
 , 904 (Alaska 2015) ).
 

 Doe v. State
 
 ,
 
 189 P.3d 999
 
 , 1015-16 (Alaska 2008) (quoting Ch. 41, § 1, SLA 1994).
 

 Idaho Code Ann. § 18-8304
 
 (1)(c) (2016).
 

 Doe v. State
 
 ,
 
 158 Idaho 778
 
 ,
 
 352 P.3d 500
 
 , 504 (2015) (quoting Idaho Admin. Code. r. 11.10.03.010.05 (2015) ).
 

 Tex. Code Crim. Proc. Ann. art. 62.001(5)(H) (West 2016).
 

 N.M. Stat. Ann. § 29
 
 -11A-3(I) (West 2013).
 

 Mass. Gen. Laws Ann. ch. 6, § 178C (West 2016).
 

 Doe v. Sex Offender Registry Bd.
 
 ,
 
 456 Mass. 612
 
 ,
 
 925 N.E.2d 533
 
 , 538 (2010). Like Idaho, Massachusetts also qualifies its definition by noting that "[t]he elements of the offense in another jurisdiction need not be precisely the same as the elements of a Massachusetts sex offense in order for it to constitute a 'like violation.' "
 

 Id.
 

 See
 

 Benavides v. State
 
 ,
 
 151 P.3d 332
 
 , 335-36 (Alaska 2006).
 

 Similar
 
 , The American Heritage Dictionary of the English Language (5th ed. 2011).
 

 Similar
 
 , Webster's II New College Dictionary (1st ed. 1995).
 

 Similar
 
 , Merriam-Webster , https://www.merriam-webster.com/dictionary/similar (last visited Apr. 19, 2018).
 

 Doe v. State
 
 ,
 
 189 P.3d 999
 
 , 1015 (Alaska 2008) (quoting Ch. 41, § 1, SLA 1994).
 

 State v. Hosier
 
 ,
 
 157 Wash.2d 1
 
 ,
 
 133 P.3d 936
 
 , 941 (2006).
 

 Id.
 

 ;
 
 State v. McNallie
 
 ,
 
 120 Wash.2d 925
 
 ,
 
 846 P.2d 1358
 
 , 1364 (1993) ("[T]he statute prohibits communication with children for the predatory purpose of promoting their exposure to and involvement in sexual misconduct.").
 

 See
 

 Hosier
 
 ,
 
 133 P.3d at 941
 
 .
 

 McNallie
 
 ,
 
 846 P.2d at
 
 1364 ;
 
 see, e.g.
 
 ,
 
 Hosier
 
 ,
 
 133 P.3d 936
 
 (affirming two convictions of communicating with a minor for immoral purposes where the defendant left sexually explicit notes about a 13-year-old girl in the girl's front yard, and wrote a sexually explicit message on a pair of underpants left in the fence of a children's playground where it was found by a group of small children).
 

 Because we conclude that the Washington statute is not similar to the Alaska statute on grounds distinct from the age of the victim, we do not decide in this appeal whether the age differences in themselves make the laws dissimilar under a strict categorical approach.
 

 188 Cal.App.4th 1383
 
 ,
 
 116 Cal.Rptr.3d 401
 
 , 411 (2010).
 

 A "modified categorical approach" is employed for divisible statutes, which define multiple separate crimes.
 
 See
 

 Mathis v. United States
 
 , --- U.S. ----,
 
 136 S.Ct. 2243
 
 , 2249,
 
 195 L.Ed.2d 604
 
 (2016) (citing
 
 Descamps v. U.S.
 
 ,
 
 570 U.S. 254
 
 ,
 
 133 S.Ct. 2276
 
 , 2283,
 
 186 L.Ed.2d 438
 
 (2013) );
 
 Esquivel-Quintana v. Sessions
 
 , --- U.S. ----,
 
 137 S.Ct. 1562
 
 , 1568 n.1,
 
 198 L.Ed.2d 22
 
 (2017) (citing
 
 Gonzales v. Duenas-Alvarez
 
 ,
 
 549 U.S. 183
 
 , 187,
 
 127 S.Ct. 815
 
 ,
 
 166 L.Ed.2d 683
 
 (2007) ). Under the modified categorical approach, "the court may review the charging documents, jury instructions, plea agreement, plea colloquy, and similar sources to determine the actual crime [of conviction]."
 
 Esquivel-Quintana
 
 ,
 
 137 S.Ct. at
 
 1568 n.1 (citing
 
 Gonzales
 
 ,
 
 549 U.S. at 187
 
 ,
 
 127 S.Ct. 815
 
 ). This permissible modified categorical approach is different from the approach DPS urges us to adopt; it looks to the facts on record only to determine which statutory crime was committed, and not when comparing that crime to the allegedly similar Alaska statute.
 

 People v. Phillips
 
 ,
 
 188 Cal.App.4th 1383
 
 ,
 
 116 Cal.Rptr.3d 401
 
 , 409, 412 (2010) (upholding a conviction for violating California Penal Code 647.6(a)(1) because it was reasonable for the jury to infer that the defendant "intend[ed] to be observed by some child" when he was "masturbating in his car while parked at the curb directly in front of a high school, on a school day, at school dismissal time").
 

 Because we conclude that the California statute is not similar to the Alaska statute on grounds distinct from the age of the victim, we do not decide in this appeal whether the age differences in themselves make the laws dissimilar under a strict categorical approach.
 

 It is well within the legislature's prerogative to enact a definition of "similar" or amend AS 12.63.100(6)(C) or amend the underlying sex offense crimes if it wishes to broaden the scope of sexual offenses that require registration in Alaska.