2025 IL App (1st) 240980-U

FOURTH DIVISION
Order filed: March 20, 2025

No. 1-24-0980

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| MOHIT TANDON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23CH4620 |
| | ) | |
| ILLINOIS STATE POLICE, | ) | Honorable |
| | ) | Sophia H. Hall, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Rochford and Justice Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The order of the Circuit Court of Cook County dismissing the plaintiff's amended complaint for declaratory judgment is affirmed. The amended complaint seeking a determination that the plaintiff is not required to register as a sex offender under the Illinois Sex Offender Registration Act did not present an actual controversy when there was no dispute between the parties regarding whether the plaintiff was required to register.

¶ 2    The plaintiff, Mohit Tandon, appeals the order of the Circuit Court of Cook County dismissing his amended complaint for declaratory judgment against the defendant, the Illinois State Police ("ISP"). The amended complaint sought a declaratory judgment that the plaintiff was

not required to register as a sex offender under the Illinois Sex Offender Registration Act ("ISORA"), 730 ILCS 150/1 *et seq.* (West 2022), based on his prior guilty plea to two criminal offenses in federal court in Minnesota. For the reasons which follow, we affirm.

¶ 3    On August 14, 2023, the plaintiff filed the operative amended complaint for declaratory judgment, alleging that he is a resident of Texas but intended to move to Illinois "pending favorable resolution of this action."  The amended complaint stated that, on December 2, 2019, the plaintiff pled guilty to two criminal charges in the United States District Court for the District of Minnesota, including one count of Conspiracy to Commit Transportation to Engage in Prostitution in violation of 18 U.S.C. § 371 and 18 U.S.C. § 2421. As part of his sentence, he was instructed to comply with the Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C. § 20901 (2018), "as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency" where he resided. The amended complaint stated that, after the plaintiff filed a motion to remove this condition of his sentence, the federal district judge found that whether the plaintiff is required to register may depend on "a particular state's implementation of SORNA and the laws of that state".

¶ 4    The amended complaint alleged that the plaintiff believed that his guilty plea would not require him to register as a sex offender in Illinois but stated that ISP had not made a formal determination whether offenses under 18 U.S.C. § 371 and 18 U.S.C. § 2421 require registration as a sex offender under ISORA. The amended complaint stated that the plaintiff's pretrial officer called ISP and was told that the plaintiff would not have to register as a sex offender in Illinois. The amended complaint alleged that this representation by ISP was not binding, and that there was a "high likelihood" that the plaintiff could be arrested based on a law enforcement officer's belief

that the plaintiff should be registered as a sex offender in Illinois. The plaintiff sought a declaratory judgment that the federal offenses to which he pled guilty are not registerable offenses under ISORA, and that he is not required to register as a sex offender in Illinois.

¶ 5    On September 29, 2023, ISP filed a motion to dismiss the amended complaint pursuant to section 2-615 of the Code of Civil Procedure (Code)  (735 ILCS 5/2-615 (West 2022)), arguing that there was no actual controversy between the parties, as the plaintiff only alleged a speculative injury of possible future arrest and there was no allegation that ISP has required him to register under ISORA.

¶ 6    On April 4, 2024, the circuit court issued an order granting ISP's motion to dismiss. The court found that ISP's failure to rule on the specific issue raised by the plaintiff did not create a controversy for purposes of a declaratory judgment action. The court also found that the plaintiff "failed to allege facts to show the immediate relationship with Illinois", because he did not state he was moving to Illinois, but rather merely expressed a desire to move to Illinois depending on the outcome of this action. This appeal followed.

¶ 7    The plaintiff argues that the circuit court erred in dismissing the amended complaint because he faces a threat of criminal prosecution if he moves to Illinois without registering, and because a pre-enforcement complaint meets the actual controversy requirement for a declaratory judgment action. In the alternative, he argues that, even in the absence of an actual controversy, he has adequately alleged that there are "cognizable interests" at stake making a declaratory judgment action appropriate under this court's decision in *Rohm & Hass Co. v. Cont'l Assurance Co.*, 58 Ill. App. 3d 378 (1978).

¶ 8      A section 2-615 motion challenges the legal sufficiency of the complaint. *Quiroz v. Chicago Transit Authority*, 2022 IL 127603, ¶ 11. The court accepts all well-pleaded factual allegations in the complaint as true but is not required to accept legal conclusions unsupported by specific factual allegations. *Illinois Automotive Dealers Assn. v. Office of Illinois Secretary of State*, 2024 IL App (1st) 230100, ¶ 48. We review a decision granting a section 2-615 motion to dismiss *de novo*. *Carey v. Hartz*, 2024 IL App (1st) 231323, ¶ 25.

¶ 9      A declaratory judgment action has three essential requirements: "(1) a plaintiff with a legal tangible interest, (2) a defendant with an opposing interest, and (3) an actual controversy between the parties involving those interests." *Cahokia Unit School Dist. No. 187 v. Pritzker*, 2021 IL 126212, ¶ 36; 735 ILCS 5/2-701 (West 2024). An actual controversy exists when the case presents a concrete dispute amenable to an immediate and definitive determination of the parties' rights, the resolution of which will resolve the controversy at least in part. *Howlett v. Scott*, 69 Ill. 2d 135, 141-42 (1977). The complaint must show "that the underlying facts and issues of the case are not moot or premature, so as to require the court to pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events." *Underground Contractors Ass'n v. City of Chicago*, 66 Ill. 2d 371, 375 (1977).

¶ 10      The plaintiff argues that an actual controversy exists because, without a formal determination by ISP of whether he is required to register under ISORA, he faces a threat of criminal prosecution if he moves to Illinois and does not register. ISP argues that there is no actual controversy as the amended complaint states that ISP told the plaintiff's pretrial officer that the plaintiff was not required to register under ISORA, and the plaintiff's claim of possible future prosecution is speculative. We agree with ISP.

¶ 11    SORNA requires that sex offenders register in each jurisdiction where the offender resides and requires each state to create and maintain a sex offender registry. 34 U.S.C. § 20912(a), 20913(a) (2018). In compliance with that mandate, ISORA requires a sex offender to register in person with local officials and provide accurate information as required by ISP within 3 days of establishing a residence within Illinois. 730 ILCS 150/3(a), (b) (West 2022). ISORA defines "sex offender" as an individual who was found to have committed an enumerated sex offense under Illinois law or a "substantially similar" offense under federal law or the law of another jurisdiction. *Id.* § 150/2(A)(1), (B). The failure to properly register under ISORA is a Class 3 felony. *Id.* § 150/10.

¶ 12    The amended complaint asserts that the plaintiff's federal convictions do not require registration under ISORA because they are not enumerated offenses under ISORA, and are not substantially similar to any enumerated offense. Based on the allegations in the amended complaint, ISP agrees with the plaintiff and informed his pretrial officer that the plaintiff was not required to register. Despite this apparent agreement between the parties, the plaintiff argues that an actual controversy exists as there has been no formal determination by ISP as to whether he needs to register, and he risks criminal prosecution if he moves to Illinois without registering.

¶ 13    Based on the allegations in the amended complaint, the plaintiff has not been threatened with any criminal prosecution, nor has he been told by ISP that he must register or face prosecution. He merely alleges that it is possible that he might be prosecuted if he moves to Illinois without registering and a law enforcement officer might determine that he should have registered. This remote possibility of prosecution, which is contingent on the plaintiff moving to Illinois without registering and being arrested and prosecuted, does not create an actual controversy between the

parties. See *Township High School Dist. 203 (New Trier) v. Village of Northfield*, 184 Ill. App. 3d 367, 373 (1989) ("[I]f the plaintiff's interests would be adversely affected only in the event some future possibility occurs or does not occur—the action for a declaratory judgment should be dismissed.").

¶ 14    In arguing that an actual controversy exists in this case, the plaintiff cites to four declaratory judgement actions challenging sex offender registration determinations from other jurisdictions. *Iseman v. Missouri Department of Corrections*, 600 S.W.3d 684, 688 (Mo. Ct. App. 2023), involved an incarcerated plaintiff who was told by Missouri Department of Corrections officials that he would be required to register as a sex offender upon his release from prison. The Missouri Court of Appeals reversed the dismissal of the plaintiff's complaint for declaratory judgment, finding that "the Department's advice to Iseman was sufficient to create a concrete, present dispute" regarding whether he was required to register. *Id.* at 691.

¶ 15    In *Keeney v. Fitch*, 458 S.W.2d 838, 841 (Mo. Ct. App. 2015), the plaintiff was registered as a sex offender and filed a declaratory judgment action asserting that he should no longer be required to register, as he was convicted under a statute that criminalized homosexual acts that was repealed after the United States Supreme Court's decision *Lawrence v. Texas*, 539, U.S. 558 (2003). The Missouri Court of Appeals did not address the issue of whether there was an actual controversy and evaluated the merits of the plaintiff's claim. *Id.* at 845-47.

¶ 16    The third case cited by the plaintiff is *Doe v. Department of Public Safety & Correctional Servs.*, 62 A.3d 123 (Md. 2013). In that case, the plaintiff plead guilty to a single count of child sexual abuse, and successfully challenged a sentencing requirement that he would be required to register as a child sex offender. *Id.* at 124, 126. While the plaintiff was incarcerated, the Maryland

General Assembly amended the sex offender registration statute, which recategorized the plaintiff as the highest tier of sex offender and required that he register. *Id.* The plaintiff filed a complaint for declaratory judgment asserting that he should not be required to register and that he should be removed from the sex offender registry. *Id.* at 127. The Maryland Court of Appeals found that there was an actual controversy between the parties, as the parties disputed whether the amendment to the sex offender registration statute retroactively applied to the plaintiff, such that he was required to register. *Id.* at 128-129.

¶ 17    The final case cited by the plaintiff is *State v. Doe*, 425 P.3d 115 (Alaska 2018), in which two separate plaintiffs petitioned the Alaska Department of Public Safety for a determination of whether they would be required to register as sex offenders based on out-of-state offenses, and both were told that they would have to register. *Id.* at 118-19. The plaintiffs filed separate declaratory judgment actions challenging that determination. *Id.* The Alaska Supreme Court held that neither plaintiffs' conviction required registration without considering whether there was an actual controversy or determining whether a declaratory judgment action was appropriate. *Id.* at 120-123.

¶ 18    All four cases cited by the plaintiff are distinguishable from the instant case, because all involve instances where the plaintiff was either already registered as a sex offender or was informed by the relevant state agency that he would be required to register. Only two of the cases, *Doe v. Department of Public Safety & Correctional Servs.* and *Iseman v. Missouri Department of Corrections*, considered the question of whether an actual controversy existed, and both found that a controversy existed because the relevant state agency had determined that the plaintiff was required to register. Here, the amended complaint alleges that ISP told the plaintiff's pretrial officer

that the plaintiff would not have to register under ISORA, and therefore there is no actual controversy between the parties on this issue. The plaintiff is not challenging a determination that he must register as a sex offender, rather he is seeking an advisory opinion to confirm that he is not required to register. As there is no dispute alleged between the parties on this question, a declaratory judgment action is not appropriate in this situation. *Underground Contractors Ass'n*, 66 Ill. 2d at 375.

¶ 19    The plaintiff argues that a declaratory judgment action is appropriate because he cannot comply with the sentencing order in his federal criminal case without a formal determination of whether he is required to register. In the sentencing order attached to the amended complaint, the plaintiff was required to register under SORNA with the appropriate state agency, and the federal district judge found in a subsequent order that whether the plaintiff is required to register may depend on "a particular state's implementation of SORNA and the laws of that state". The purported lack of formal guidance from ISP does not prevent the plaintiff from complying with the federal court's order requiring him to register depending upon the relevant state agency's implementation of SORNA. The plaintiff is not entitled to an advisory opinion determining whether he is required to register if he moves to Illinois when there is no indication that he will be required to do so.

¶ 20    The plaintiff alternatively argues that declaratory judgment is appropriate even in the absence of an actual controversy when "cognizable interests" are implicated by the complaint, citing to *Rohm & Haas Co. v. Cont'l Assurance Co.*, 58 Ill. App. 3d 378 (1978). ISP argues that *Rohm & Haas Co.* does not create an exception to the requirement that there must be an actual controversy in a declaratory judgment action. We agree with ISP.

¶ 21    In *Cahokia Unit School Dist. No. 187*, 2021 IL 126212, ¶ 36, our supreme court held that an actual controversy is an "essential requirement[]" in a declaratory judgment action. *Id.* at ¶ 36. To the extent to which *Rohm & Haas Co.* held otherwise, we decline to follow it.

¶ 22    As the plaintiff's amended complaint does not allege an actual controversy exists between the plaintiff and ISP as required for a declaratory judgment action, the amended complaint fails to state a cause of action and was properly dismissed. Therefore, we affirm the order of the circuit court dismissing the plaintiff's amended complaint.

¶ 23    Affirmed.